172                    July 1, 2026                    No. 616

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Greg WASSON,
a registered elector of the City of Salem,
*Plaintiff-Appellant,*

*v.*

Chuck BENNETT,
in his role as Mayor of the City of Salem,
and Beverly Clarno, in her role as Secretary of State of the
State of Oregon,
*Defendants-Respondents.*

Marion County Circuit Court
19CV33673; A173464

Sean E. Armstrong, Judge.

Argued and submitted September 10, 2025.

Greg Wasson argued the cause and filed the briefs *pro se*.

Daniel B. Atchison filed the brief for respondent Chuck Bennett.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent Beverly Clarno. On the brief were Christopher A. Perdue, Assistant Attorney General, Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this declaratory judgment action, plaintiff appeals from a general judgment dismissing his request for a declaration under ORS 28.020 clarifying that he had 90 days, as opposed to 30 days, to circulate a referendum petition regarding Salem Ordinance 7-19 (2019). On appeal, plaintiff acknowledges that his claim became moot while pending before the trial court, but he asserts that the merits are capable of repetition yet likely to evade review under ORS 14.175. In a single assignment of error, he argues that the trial court erred by dismissing the declaratory judgment action for lack of subject matter jurisdiction and failing to reach and strike the 30-day limit. As explained below, we affirm for two independent and adequate reasons.

We review whether a case is moot and satisfies the requirements of ORS 14.175 for legal error. *Birchall v. Miller*, 314 Or App 521, 522, 497 P3d 1268 (2021); *Couey v. Atkins*, 357 Or 460, 476-79, 355 P3d 866 (2015). We review whether the trial court properly declined to address the merits of a moot case under ORS 14.175 to determine whether the court exceeds the bounds of permissible discretion. *See* ORS 14.175 ("In any action in which a party alleges that an act, policy or practice * * * is unconstitutional * * * the court may issue a judgment on the validity of the challenged act" even though it no longer has a practical effect on the parties, provided that the additional requirements are met.); *see also Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 20, 376 P3d 288 (2016) (observing that limiting judicial review under ORS 14.175 is a "matter of discretion").

Because the parties are familiar with the procedural and factual background, we set out in this nonprecedential memorandum opinion only a limited recitation to give some context for our discussion of the assignment of error. The City of Salem requires that referendum petitions be filed consistently with the formal requirements specified within the Salem Revised Code (SRC). *See* SRC 11.262 (outlining requirements for the form of petitions). The Salem City Recorder reviews prospective petitions for compliance with those requirements, and if the petition fails to comply, the City Recorder will reject the prospective petition. SRC

11.264(b)(2). In so doing, the City Recorder will explain the basis for that rejection to the petitioner and advise them about how to correct the problems. *Id.* If a prospective petition complies with the requirements, the City Recorder forwards a copy to the City Attorney to draft a ballot title and approves the petition for signature gathering. SRC 11.266 - 11.274. A referendum petition must be filed no later than 30 days after the passage of the legislation sought to be referred. SRC 11.274(c).

Plaintiff sought to refer Salem Ordinance 7-19 (2019) to Salem voters, and approximately two weeks after the ordinance was enacted, plaintiff filed a prospective petition with Salem titled "Partial Referendum of Ordinance #7-19." The petition, however, did not comply with the formal requirements of the SRC, including failing to provide a residence address for the chief petitioner. *See* SRC 11.262(b) (requiring that a petition shall designate the name and residence of a chief sponsor). The City Recorder notified plaintiff of the deficiencies and explained that, until it was cured, the City Recorder could not approve the petition for signature gathering. Plaintiff did not take steps to correct the deficiencies and instead initiated the underlying action by filing a complaint in circuit court under ORS 28.020 against the Mayor of Salem and the Secretary of State, alleging that the SRC and state regulations impermissibly limit the time within which to file a petition for local referenda from 90 days to 30 days. Plaintiff sought a declaration that he had 90 days to gather the required number of signatures. Both defendants moved to dismiss the complaint.

Approximately six months after the ordinance was enacted, the trial court heard arguments on the motions to dismiss. Defendants argued that the issue was moot and that the court lacked jurisdiction because plaintiff did not have standing at the commencement of the action. Plaintiff acknowledged that the case was moot but argued that the court should reach the merits because the challenged practice was capable of repetition yet likely to evade review. Ultimately, the court entered a general judgment dismissing the case. Plaintiff timely appeals.

As an initial matter, plaintiff has not designated a transcript of the proceedings before the trial court as part of the record on appeal, and the absence of that transcript is determinative. As we have explained, an appellant "bears the burden of providing a record sufficient to demonstrate that error occurred." *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). Here, plaintiff did not designate a transcript of the trial court proceedings as part of the record and maintains that no transcript is needed. However, an examination of plaintiff's claims for relief demonstrates that a review of that transcript is necessary to resolve the claims that plaintiff raises on appeal. Without the transcript, we are unable to properly evaluate the jurisdictional arguments raised during the hearing or assess whether the trial court acted outside the bounds of its discretion by declining to decide a moot case, as required by our standard of review. *See Universal Ideas Corp. v. Esty*, 84 Or App 541, 543-44, 734 P2d 408 (1987) (explaining that the court was not able to review an assignment of error without a transcript of the proceedings and where the appellate arguments did not "turn solely on questions of law"); *see also* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the appellate court may decline to review the assignment of error[.]"). On that basis alone, we affirm the trial court's judgment.

Moreover, even if plaintiff is correct that no transcript is needed, we affirm the trial court's judgment because, as explained below, plaintiff lacked standing to commence the action. Whether a plaintiff has standing under the Uniform Declaratory Judgments Act is a legal question, which is reviewed for legal error. *Oregon Restaurant and Lodging Assn. v. City of Bend*, 313 Or App 772, 777, 497 P3d 306 (2021).

To maintain a declaratory judgment action, a plaintiff must establish at the outset that he, she, or they satisfies the statutory requirements for standing to bring the action. *Morgan v. Sisters School District #6*, 353 Or 189, 195, 301 P3d 419 (2013). Thereafter, the plaintiff's concrete stake in the outcome must continue throughout the pendency of the case. *Savage v. Munn,* 317 Or 283, 291-92, 856 P2d 298

(1993). If, after the initiation of the action, it becomes moot, it will be dismissed for want of justiciability. "[I]n cases *** in which the act of a public agency is challenged as contrary to law, this court 'may' decide the case even when a decision would have no practical effect on the party who brought it, assuming the requirements set out in ORS 14.175 are satisfied." *Penn v. Board of Parole*, 365 Or 607, 613, 451 P3d 589 (2019).

> ORS 14.175 provides, in full:

> "In any action in which a party alleges that an act, policy or practice of a public body *** is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

> "(1)   The party had standing to commence the action;

> "(2)   The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

> "(3)   The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

If all of the elements of ORS 14.175 are met, then it is a matter of discretion whether a court reviews a moot issue. *Eastern Oregon Mining Association*, 360 Or at 19.

To establish standing under the Uniform Declaratory Judgments Act, a plaintiff must satisfy three requirements: The plaintiff (1) must show "some injury or other impact upon a legally recognized interest beyond an abstract interest in the correct application or the validity of a law"; (2) must identify an injury that is "real or probable, not hypothetical or speculative"; and (3) must show that "[t]he relief that the plaintiff seeks, if granted, must redress the injury that is the subject of the declaratory judgment action." *Morgan*, 353 Or at 195-97.

As an initial matter, the parties do not dispute—and we agree—that the issue is moot. That is, while this case was pending before the trial court, the deadline for

submitting enough signatures for the referendum—under either the 30-day or proposed 90-day deadline—passed, rendering the case moot. Accordingly, the question on appeal narrows to whether the case meets the ORS 14.175 criteria and then whether we should exercise our discretion to address the merits of a moot case.

As noted above, we determine whether to address a moot case by first determining whether the requirements set forth by ORS 14.175 are satisfied. The parties contest whether plaintiff had standing to commence the action. Plaintiff argues that he had standing because he is aggrieved by the existence of the rule itself and the fact that he attempted to file a referendum. He contends that he was bringing a facial challenge to the 30-day regulation, not an as-applied challenge. Defendants argue that plaintiff lacked standing to commence the action because plaintiff did not establish an injury beyond an abstract interest in the validity of the law and that plaintiff did not establish that the relief that he sought would redress his injury. Thus, according to defendants, plaintiff lacked standing, and it is not appropriate to address this moot case.

Here, it is undisputed that plaintiff failed to comply with Salem's local rules and that the petition never qualified to be circulated for signature gathering. Thus, the relief that plaintiff sought—*viz.*, a declaration that plaintiff has 90-days to gather signatures—when he commenced the action would not have provided redress because the petition was rejected before it reached the signature gathering stage. For that same reason, the difference between a 30-day and 90-day limit to gather signatures never implicated a legally cognizable interest beyond an abstract interest in the law.[1] In short, because we conclude that plaintiff lacked standing to commence the action, the trial court did not err in dismissing plaintiff's action.

Affirmed.

---

[1] In addition, plaintiff named the Secretary of State as a defendant. The Secretary, however, does not have authority to review petitions for conformity with local timing and procedural regulations, and thus the Secretary's compliance with declarations regarding the timeline for a particular city referendum petition would not have redressed plaintiff's named injury.